UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATIONAL CITY BANK, N.A., | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RED FALL LLC and NICHOLAS HERAS, JR., | ) | |
| | ) | 09  11459 |
| Defendants. | ) | |
| | ) | |

**VERIFIED
COMPLAINT**

**Introduction**

1.      This is an action to recover over $5.3 million, plus costs of collection, attorneys'
fees, and other amounts owed to plaintiff National City Bank, N.A. ("National") under a
promissory note and certain loan documents executed by defendant Red Fall LLC ("Red Fall")
and against the Guarantor of that note, Nicholas Heras, Jr. ("Heras").

**THE PARTIES**

2.      Plaintiff National is a national banking association with a place of business at
2000 Auburn Drive, Suite 400, Beachwood, Ohio.

3.      Defendant Red Fall is a New Hampshire limited liability corporation with an
address of 470 Washington Street, Brighton, Massachusetts.

4.      Defendant Heras is an individual and who, upon information and belief, is a
resident of the state of Massachusetts, residing at 470 Washington Street, Brighton,
Massachusetts 02135.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over the subject matter of this action by virtue of 28 U.S.C. §§ 1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

6.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(a) and (c), as the Defendants reside in the District.

## THE LOAN DOCUMENTS

7.      National and Red Fall entered into a Promissory Note, dated January 3, 2007 from Red Fall, as maker, to National, as payee, in the original principal amount of $5,310,000.00 (the "Note"), a true copy of which is attached hereto as **Exhibit "A."** Red Fall became indebted to National for a loan in the original principal amount of $5,310,000.00 (the "Loan"). The original Maturity Date for the Loan pursuant to the Note was January 3, 2009.

8.      The proceeds of the Loan have been advanced by National to Red Fall pursuant to the terms of a Construction Loan Disbursing Agreement dated January 3, 2007 by and between Red Fall and National (the "Loan Agreement"), a true copy of which is attached hereto as **Exhibit "B"** to finance the construction and renovation by Red Fall of properties located at 341-345 Amherst Street, Nashua, Hillsborough County, New Hampshire (collectively, the "Property").

9.      Payment and performance of all obligations of Red Fall to National under the Loan are secured by, among other things, the lien and/or security interest of a certain Mortgage Security Agreement and Assignment of Rents and Leases dated January 3, 2007 executed by Red Fall, as mortgagor, in favor of National, as mortgagee (the "Mortgage and Security Agreement") a true copy of which is attached hereto as **Exhibit "C"**, and duly recorded in the Register of

5233163

Deeds Office of Hillsborough County, New Hampshire (the "Register's Office") on January 5, 2007, at Mortgage Book 7791, Page 2715.

10.     Pursuant to the terms of an Unconditional and Continuing Guaranty dated January 3, 2007 (the "Unconditional Guaranty") and a Performance and Completion Guaranty dated January 3, 2007 (the "Performance Guaranty") (the Unconditional Guaranty and the Performance Guaranty are collectively the "Guaranties") true copies of which are attached hereto as **Exhibits "D" and "E"** respectively, each executed by Heras in favor of National, Heras guaranteed to National and agreed to act as surety to National and for plaintiff's benefit for the timely and full payment and performance of the obligations under the Note, the Mortgage, the Loan Agreement and other Loan Documents (collectively the "Loan Documents").

11.     Pursuant to the terms of the Loan Agreement, Red Fall executed and delivered to National as assignee an Assignment of Leases, Rents, Contracts, Income and Proceeds dated January 3, 2007 (the "Assignment of Leases"). The Assignment of Leases duly recorded in the Register's Office on January 5, 2007, at Record Book 7791, Page 2739, a true copy of which is attached hereto as **Exhibit "F"**, with respect to the Property.

12.     The Performance and Completion Guaranty further provided that Heras, as Guarantor, submitted to the jurisdiction of the state and federal courts having jurisdiction in the City of Boston and the Commonwealth of Massachusetts, and Heras further waived any objection to venue and any right to a trial by jury.

13.     Red Fall requested that National extend the Maturity Date of the Loan from January 3, 2009 to March 31, 2009.

14.     For valuable consideration, effective January 3, 2009, Red Fall, Heras and National entered into a Mortgage and Loan Document Modification Agreement and Amendment, Restatement and Reaffirmation of Guaranty (the "Modification and Reaffirmation Agreement"),

5233163

-3-

a true copy of which is attached here to as **Exhibit "G"**, pursuant to which, among other things, there was an amendment to the Loan Agreement by which the Maturity Date, set forth in section 1 of the Note, was amended from January 3, 2009 to March 31, 2009.

15.     Pursuant to the Modification and Reaffirmation Agreement, Heras agreed that the Unconditional Guaranty and the Performance Guaranty were amended to include the full and timely payment of the principal of and interest on all sums due or which may become due under the Note as amended.

16.     The Modification and Reaffirmation Agreement further provided the governing law was in accordance with the laws of the Commonwealth of Massachusetts.

17.     The construction, improvements and/or leasing at the Property have not been completed, and the fair market value of the Property and improvements thereon is, upon information and belief, less than the amount of the Loan.  Further, National is unaware of any liability insurance that may be available to satisfy Red Fall's or Heras' obligations to National.

## COUNT I
## Breach of Loan Documents

18.     National incorporates and restates the allegations to paragraphs 1 through 17 as if fully set forth herein.

19.     Under the Loan Documents as amended, Red Fall agreed to pay National all amounts due and/or to become due under the Loan Documents by March 31, 2009.

20.     The Loan Documents provide further that Red Fall's failure to pay, when due, any amount owed to National shall constitute an event of default.

21.     Upon the occurrence of an event of default, pursuant to the Note, National may, among other things, declare immediately due and payable all sums then due and owing by Red Fall to National, with interest accruing thereon at the default interest rate specified in the Note.

22.     The Loan Documents provide further that, upon the occurrence of an event of default, Red Fall shall pay all reasonable costs of National incurred in the collection of any of the obligations and for the enforcement of any obligations, including, without limitation, reasonable attorneys' fees and legal expenses.

23.     Red Fall has defaulted under the terms and conditions of the Loan Documents by, among other things, failing to make payments to National by March 31, 2009, the Maturity Date under the Note, as amended.

24.     As a result of the default, National exercised its right under the Loan Documents to declare immediately due and payable all sums owing by Red Fall to National.

25.     National has demanded the immediate payment of all sums owing under the Loan Documents.  Notwithstanding National's due demands, Red Fall has failed to pay the amounts which are justly due and owing to National pursuant to the Loan Documents.  See April 3, 2009 Demand Letter, a true copy of which is attached hereto as **Exhibit "H".**

26.     There is due, owing and payable to National pursuant to the Loan Documents, the sum of no less than $5,286,516.20, plus interest at the Default Rate, costs, expenses, attorneys' fees, late charges, and other charges due, all of which continue to accrue.

27.     National has performed all conditions, covenants and promises required of it under the terms and conditions of the Loan Documents.

## COUNT II
## Statement of Account

28.     National incorporates and restates the allegations to paragraphs 1 through 27 as if fully set forth herein.

29.     Red Fall owes National the principal sum of $5,286,516.20, being the balance due from money loaned, plus accrued and accruing interest thereon, plus additional fees and late

5233163

charges, according to account annexed hereto and attached as **Exhibit "I"**.  Other sums and amounts are also due National under the Loan Documents and Guaranties.

## COUNT III

### Money Had and Received

30.     National incorporates and restates the allegations to paragraphs 1 through 29 as if fully set forth herein.

31.     Red Fall owes National the sum of no less than $5,286,516.20 for money received from National that was due to be repaid on March 31, 2009.  Other sums and amounts are also due National under the Loan Documents and Guaranties.

## COUNT IV
### Breach of Guaranties
### (Against Nicholas Heras, Jr.)

32.     National incorporates and restates the allegations to paragraphs 1 through 31 as if fully set forth herein.

33.     Pursuant to the terms of the Guaranties, Heras further absolutely and continually guaranteed to pay National upon demand, all amounts due, all losses, costs, attorneys' fees and expenses which may be suffered by National by reason of Red Fall's default, under, among other things, the Loan Documents.

34.     By virtue of Red Fall's breach of the Loan Documents, National has suffered damages in the amount of no less than $5,286,516.20, plus accrued and accruing interest (at the default rate), costs and expenses, attorneys' fees, late charges and other charges, all of which continue to accrue.  Other sums and amounts are also due National under the Loan Documents and Guaranties.

35.     National made demand on Heras for payment of the obligations due and owing by Red Fall under the Loan Documents pursuant to the terms of the Guaranties.  Notwithstanding

5233163

National's due demand for payment of sums due and owing by Red Fall to National, Heras has failed and/or refused, and continues to fail and/or refuse, to pay the amounts due National pursuant to his obligations under the Guaranties.

36.     As such, Heras has breached the terms of the Guaranties by, among other reasons, failing to pay National the amounts due and owing. As a result of the foregoing breaches, National has suffered damages in an amount of no less than $5,286,316.20, plus accrued and accruing interest (at the default rate), costs and expenses, attorneys' fees, late charges and other charges. all of which continue to accrue. Other sums and amounts are also due National under the Loan Documents and Guaranties.

37.     National has performed all conditions, covenants and promises required of it under the terms and conditions of the Guaranties.

## COUNT V
## Injunctive Relief
### (Against Heras)

38.     National incorporates and restates the allegations to paragraphs 1 through 37 as if fully set forth herein.

39.     If Heras is permitted to transfer, dispose, or encumber his property, National will suffer irreparable damage and loss.

40.     Given Red Fall's failure to pay the sums due National under the Note as amended, National is gravely concerned that Heras, who manages and operates Red Fall, may sell or otherwise dispose of his property in violation of National's rights, frustrating and rendering meaningless any judgment National may obtain against the Red Fall or Heras.

41.     By reason of the foregoing, National is entitled to a judgment and order enjoining Heras, his managers, employees, representations, affiliates, subsidiaries, successors, assigns, agents and all those acting in concert with him, and on his behalf or under his direction and

5233163

control, from hypothecating, moving, transferring, selling, pledging, assigning, disposing of, taking any action with respect to his real property, including any proceeds generated from any sale or operation of his property.

## COUNT VI
### Injunctive Relief
### (Against Red Fall)

42.     National incorporates and restates the allegations to paragraphs 1 through 41 as if fully set forth herein.

43.     Given Red Fall's failure to pay the sums due National under the Note as amended, National is gravely concerned that Red Fall, who manages and operates the Property and any leases on the Property, may sell or otherwise dispose of the Property, leases on the Property or lease proceeds in violation of National's rights, including National's rights under the Assignment of Leases, frustrating and rendering meaningless any judgment National may obtain against the Red Fall.

44.     By reason of the foregoing, National is entitled to a judgment and order enjoining Red Fall, its managers, employees, representatives, affiliates, subsidiaries, successors, assigns, agents and all those acting in concert with it, and on its behalf or under its direction and control, from hypothecating, moving, transferring, selling, pledging, assigning, disposing of, taking any action with respect to the Property, including any proceeds generated from any lease, sale or operation of the Property.

**WHEREFORE,** National respectfully requests the following relief:

(a)     As to Count I, judgment in favor of National and against Red Fall, jointly and severally, in the sum of no less than $5,286,516.20, plus interest at the Default Rate, costs, expenses, attorneys' fees, late charges, and other charges due thereunder, all of which continue to accrue and such other sums and amounts that are also due National under the Loan Documents and Guaranties;

(b)     As to Count II, judgment in favor of National and against Red Fall, jointly and severally, in the sum of no less than $5,286,516.20, plus accrued interest at the default rate, costs, expenses, attorneys' fees, late charges, and other charges due thereunder, all of which continue to accrue and such other sums and amounts that are also due National under the Loan Documents and Guaranties;

(c)     As to Count III, judgment in favor of National and against Red Fall in the sum of no less than $5,286,516.20, plus accrued interest at the default rate, costs, expenses, attorneys' fees, late charges, and other charges due thereunder, all of which continue to accrue and such other sums and amounts that are also due National under the Loan Documents and Guaranties;

(d)     As to Count IV, judgment in favor of National and against Heras in the sum of no less than $5,286,516.20, plus accrued interest at the default rate, costs, expenses, attorneys' fees, late charges, and other charges due thereunder, all of which continue to accrue and such other sums and amounts that are also due National under the Loan Documents and Guaranties;

(e)     As to Count V, grant an injunction enjoining Heras, his managers, employees, representatives, affiliates, subsidiaries, successors, assigns, agents and all those acting in concert with him, and on his behalf or under his direction and control, from hypothecating, moving, transferring, selling, pledging, assigning, disposing of, taking any action with respect to his real property, including any proceeds generated from any sale or operation of his property;

(f)     As to Count VI, grant an injunction enjoining Red Fall, its managers, employees, representatives, affiliates, subsidiaries, successors, assigns, agents and all those acting in concert with Red Fall, and on its behalf or under its direction and control, from hypothecating, moving, transferring, selling, pledging, assigning, disposing of, taking any action with respect to the Property, including any proceeds generated from any lease, sale or operation of the Property;

(g)     Grant National an attachment on all real property of Heras in the amount of the sums owed to National from Heras; and

(h)     Such other and further relief as this Court may deem just and proper.

Dated: September 2, 2009

NATIONAL CITY BANK, N.A.

By its Attorneys

A. Neil Hartzell, Esq. (BBO# 544752)
Ben N. Dunlap, Esq. (BBO# 661648)
LeClairRyan
One International Place, 11th Floor
Boston, MA  02110
Phone:  (617) 502-8200
Fax:  (617) 502-8201
Email:  neil.hartzell@leclairryan.com
            ben.dunlap@leclairryan.com


Of Counsel:

Todd M. Galante, Esq.
LeClairRyan
Two Penn Plaza East
Newark, NJ  07105
Phone: (973) 491-3600
Fax: (973) 491-3555
Email:  todd.galante@leclairryan.com

5233163

## VERIFICATION

I, David W. Olenik, hereby declare under the pains and penalties of perjury that the statements made in this Verified Complaint are true and correct, except those made upon information and belief which I believe to be true to the best of my knowledge.

National City Bank, N.A.

By:     _____

David W. Olenik

Its:    Senior Vice President
        Credit Policy - CRC

5233163

-11-